No. 81–6629. ETLIN *v.* ROBB, GOVERNOR OF VIRGINIA, ET AL. C. A. 4th Cir. Certiorari denied. ▆

JUSTICE WHITE, with whom JUSTICE BRENNAN joins, dissenting.

This case arises from a child custody dispute between private parties. A Virginia trial court awarded petitioner's ex-wife custody of their 3-year-old son and ordered petitioner to pay child support. Petitioner then brought this action under 42 U. S. C. § 1983 against the trial judge, the State Governor, and the State Attorney General. His complaint sought monetary, injunctive, and declaratory relief, premised on allegations that the custody and support award violated the First, Fifth, Thirteenth, and Fourteenth Amendments. The District Court dismissed the suit without prejudice because

the constitutional questions could be addressed in the state-court custody action.

The Court of Appeals for the Fourth Circuit affirmed. 673 F. 2d 1309 (1981). In a brief *per curiam* opinion, the court explained:

"Under Virginia law, child custody determinations and support orders may be subject to modification at any time. *See* Va. Code Ann. § 16.1–242 (1981 Cum. Supp.); § 20–108 (1975 Repl. Vol.); § 31–17 (1979 Repl. Vol.). Because custody proceedings are considered ongoing proceedings in Virginia, they afford a disappointed litigant, such as [petitioner], an adequate opportunity to present his constitutional claims. *Younger v. Harris*, 401 U. S. 37, 49 (1971). *See Juidice v. Vail*, 430 U. S. 327, 337 (1977). Therefore, it is clear that the doctrine of abstention applies in this instance. *See Moore v. Sims*, 442 U. S. 415 (1979)." App. to Pet. for Cert. A–2.

Petitioner now seeks a writ of certiorari, and presents, as his fourth question, the question of whether the Court of Appeals has properly applied the *Younger* doctrine.[1]

This question is not easily answered because the Fourth Circuit has, in at least two respects, gone beyond our cases in dismissing the action under *Younger* v. *Harris*, 401 U. S. 37 (1971). First, this Court has never applied the *Younger* doctrine to a case where the State was not a party to the pending state proceedings. *Younger* and its early progeny were criminal proceedings, in which, of course, the State is always a party. In *Huffman* v. *Pursue, Ltd.*, 420 U. S. 592 (1975), the initial application of *Younger* to a civil proceeding, the Court relied heavily on the State's direct participation.

"*Younger*, however, also rests upon the traditional reluctance of courts of equity, even within a unitary system,

---

[1] I agree that review of the three other questions presented in the petition, concerning the merits of his cause and the absence of an automatic right of appeal, is unwarranted.

to interfere with a criminal prosecution. Strictly speaking, this element of *Younger* is not available to mandate federal restraint in civil cases. But whatever may be the weight attached to this factor in civil litigation involving private parties, we deal here with a state proceeding which in important respects is more akin to a criminal prosecution than are most civil cases. The State is a party to the Court of Common Pleas proceeding, and the proceeding is both in aid of and closely related to criminal statutes . . . ." 420 U. S., at 604.

Accordingly, subsequent extensions of *Younger* in the civil context have occurred only when the State was directly involved in a pending state proceeding.[2] The Fourth Circuit's invocation of *Younger* in this case, a "civil litigation involving private parties," represents a substantial broadening of the doctrine.

Second, the Court of Appeals held that deference was justified despite the fact that there were no ongoing or pending state proceedings in the usual sense. Dismissal of the federal action was deemed appropriate because child custody orders in Virginia are subject to modification at any time and petitioner could follow that avenue in order to raise his constitutional claims. It is clear that, under the Court of Appeals' reasoning, custody proceedings would never be final and petitioner would be forced to attempt to reopen state proceedings before receiving a hearing in federal court on any constitutional grounds. None of our *Younger* decisions contemplates this result, which, in effect, imposes an exhaus-

---

[2] See *Juidice* v. *Vail*, 430 U. S. 327 (1977) (civil contempt proceedings); *Trainor* v. *Hernandez*, 431 U. S. 434 (1977) (state civil enforcement action brought by state officials seeking return of fraudulently obtained welfare benefits); *Moore* v. *Sims*, 442 U. S. 415 (1979) (civil proceeding brought by state officials to seize custody of abused children); *Middlesex County Ethics Committee* v. *Garden State Bar Assn.*, 457 U. S. 423 (1982) (attorney disciplinary proceedings).

tion requirement upon petitioner before he may bring a § 1983 suit in federal court. Assertion of a federal claim under § 1983, as a general matter, need not be preceded by an attempt to vindicate that claim in state court. *McNeese* v. *Board of Education*, 373 U. S. 668, 672 (1963). Although there are recognized exceptions when "strands of local law are woven into the case" whose resolution should precede consideration by a federal court, *id.*, at 673, this is not suggested to be such a case. Moreover, if it were, the District Court should refrain temporarily from exercising its jurisdiction, but should not dismiss the case outright. See *Railroad Comm'n* v. *Pullman Co.*, 312 U. S. 496 (1941).

A case of this type has not previously been thought to fall within the reach of the *Younger* doctrine. Obviously, the extension of *Younger* to pending civil suits between private litigants where the State is not a party is an issue requiring ultimate resolution by this Court. Indeed, the applicability of *Younger* to all civil litigation is a question that has expressly been reserved for another day on no less than four occasions. *Moore* v. *Sims*, 442 U. S. 415, 423, n. 8 (1979); *Trainor* v. *Hernandez*, 431 U. S. 434, 445, n. 8 (1977); *Juidice* v. *Vail*, 430 U. S. 327, 336, n. 13 (1977); *Huffman* v. *Pursue, Ltd.*, *supra*, at 607. Now that the day has arrived with the decision of the Fourth Circuit, I would grant certiorari.